Case 1:09-cv-02406-RBJ-MJW   Document 46   Filed 11/30/10   USDC Colorado   Page 1 of 11

Case 1:09-cv-02406-RBJ-MJW   Document 46   Filed 11/30/10   USDC Colorado   Page 1 of 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Michael J. Watanabe

| | |
|---|---|
| **Civil Action No.**: 09-cv-02406-CMA-MJW | FTR - Courtroom A-502 |
| **Date:** November 30, 2010 | Bernique Abiakam, Courtroom Deputy |
| KENNETH ARMBEK, | *Pro se* (via telephone) |
| Plaintiff, | |
| v. | |
| CITY AND COUNTY OF DENVER, et al., | Suzanne A. Fasing |
| Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**HEARING: RULE 16(b) SCHEDULING CONFERENCE**
**Court in session:** 10:01 a.m.
Court calls case.  Appearance of *Pro se* plaintiff via telephone, and Defendants counsel.

The Court confirms the plaintiff's current mailing address.

**The following will confirm the actions taken and dates set at the scheduling conference held this date:**

Plaintiff shall make Rule 26(a)1 disclosures by **December 17, 2010.**

Joinder of Parties/Amendment to Pleadings: **December 20, 2010.**
Discovery Cut-off: **May 20, 2011.**
Dispositive Motions Deadline: **June 20, 2011.**

Each side shall be limited to **2** expert witnesses, without further leave of Court.
Parties shall designate experts **on or before March 21, 2011.**
Parties shall designate rebuttal experts   **on or before April 20, 2011.**

Interrogatories,  Requests for Production, and Requests for Admissions shall be served on or before **April 17, 2011.**
Each side shall be limited to thirty (30) Interrogatories, twenty-five (25)  Requests for Production,   and   twenty-five (25)  Requests for Admissions.

Each side shall be limited to ten (10) fact depositions plus the experts without Leave of Court.  Each deposition shall be limited  to  one (1) day of a maximum of seven (7) hours, absent leave of Court.  All depositions, fact and expert witnesses, shall be completed **no later than May 20, 2011.**

A **SETTLEMENT CONFERENCE** set for **March 1, 2011 at 10:00 a.m.**
in Courtroom A-502, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.  Updated Confidential Settlement Statements are due to Magistrate Judge Watanabe*(not the trial judge)*   via e-mail, as a PDF attachment, at Watanabe_Chambers@cod.uscourts.gov  **on or before February 24, 2011.  In the subject line** of the e-mail, counsel shall list the case number, short caption, date of the conference and "confidential settlement statement."

All attorneys, parties and/or client representatives, including an adjustor if an insurance company is involved,  with full settlement authority shall be present **in person** at the settlement conference.   Plaintiff may appear via telephone.  Anyone seeking entry into a United States Courthouse is required to show a valid current photo identification.  See D.C.COLO.LCivR 83.2.  Failure to comply with this requirement may result in denial of entry to the courthouse.

**FINAL PRETRIAL CONFERENCE** set **for   August 16, 2011 at 9:00 a.m.**
in Courtroom A-502, Fifth floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

The proposed final pretrial order shall be filed, and then sent as a Word or WordPerfect attachment to Watanabe_Chambers@cod.uscourts.gov,  **on or before August 11, 2011.
In the subject line** of the e-mail, counsel shall list the case number, short caption, and  "proposed final pretrial order."  (See www.cod.uscourts.gov for more information.)
Valid photo identification is required to enter the courthouse.  In accordance with Fed.R.Civ.P. 16(d), the conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

**TRIAL:**
The parties anticipate a 4 day Trial to a Jury.
The Honorable Christine M. Arguello  will set a Trial Preparation Conference and Trial at a future date.

Parties are directed to www.cod.uscourts.gov   and shall fully comply with the procedures of the judicial officer assigned to try this case on the merits.
Parties shall also ensure they are able to receive e-mails from the Court.

Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made five (5) business days in advance of the date of appearance.

**[X]**    Scheduling Order is signed and entered  with interlineations

Discussion regarding caption corrections/amendments.

**ORDERED:    Motion To Amend Complaint As To Correct Caption, As To Defendants
                          (Filed 11/15/10; Doc. No. 40) is GRANTED.**


Hearing concluded.

**Court in recess: 10:42 a.m.**
Total in-court time: 00:41


To order a transcript of this proceedings, contact  Avery Woods  Reporting Service.
 (303) 825-6119       Toll Free  1-800-962-3345.   FAX (303) 893-8305        www.AveryWoods.net

GENERAL  INFORMATION
FOR
SETTLEMENT CONFERENCES
BEFORE
MAGISTRATE JUDGE WATANABE

      Counsel and pro se litigants **shall have parties present** who shall have **full authority** to negotiate all terms and demands presented by the case, and **full authority** to enter into a settlement agreement, including an adjustor if an insurance company is involved.  "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority."  **No party shall be permitted to attend the settlement conference by phone unless that party has obtained leave of Court following the filing of an appropriate motion, no later than five (5) business days prior to the settlement conference date.**

      In order that productive settlement discussions can be held, the parties shall prepare and submit **two** settlement documents:  one to be mailed to the other party or parties, and the other to be mailed only to the Magistrate Judge.  The documents which are presented to opposing parties shall

contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and shall present a demand or offer.   These documents should be intended to persuade the clients and counsel or pro se litigant on the other side.

The document to be mailed to the Magistrate Judge shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel or the pro se litigant wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the magistrate in assisting the parties to negotiate a settlement.

ECF participants shall e-mail their Confidential Settlement Statements to chambers with a subject line *CONTAINING:* Case Number, short caption, date of conference, and  "Confidential Settlement Statement" to: Watanabe_Chambers@cod.uscourts.gov, no later than five (5) business days prior to the settlement conference date or by any due date given by the Court.  The Confidential Settlement Statement should be in PDF format and sent as an *attachment* to the e-mail.  **Statements containing more than 15 pages *should also be submitted to chambers on paper* (hard copy)**, with the envelope addressed to "Magistrate Judge Watanabe Chambers, Personal and Confidential". Confidential Settlement Statements prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper to the Clerk's Office.

Anyone seeking entry into a United States Courthouse is required to show a valid current photo identification.  See D.C.COLO.LCivR 83.2.  Failure to comply with this requirement may result in denial of entry to the courthouse.

*PLEASE NOTE ANY ADDITIONAL INFORMATION REQUIRED BY JUDGE ARGUELLO  BY REVIEWING JUDGE ARGUELLO'S  PROCEDURES ON THE COURT WEBSITE.*

● Information is available at   www.cod.uscourts.gov
   **Forms**
   Standardized Order Forms:

**Appendix G**

### INSTRUCTIONS FOR PREPARATION OF
### FINAL PRETRIAL ORDER

Counsel and any *pro se* party are directed to meet in advance of the pretrial conference and jointly to develop the contents of the proposed final pretrial order, which shall be presented for the court's approval no later than five days before the final pretrial conference.  Also, attention is directed to Fed. R. Civ. P. 16(d), which provides, in pertinent part, that "[t]he conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by

any unrepresented parties."

Listed on the following pages is a format for matters to be included in the final pretrial order. For convenience of the court, counsel, and any *pro se* party, the sequence and terminology in this format should be used in the preparation of the final pretrial order. The bracketed and italicized information on the form explains what the court expects.

**Final pretrial orders shall be _DOUBLE-SPACED_ in accordance with D.C.COLO.LCivR 10.1E., even though the instructions in the following format for the proposed scheduling order are single-spaced.**

(Rev. 04/15/02)

**Appendix G**

**(Continued)**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.

      Plaintiff(s),

v.

Defendant(s).

**FINAL PRETRIAL ORDER**

**1. DATE AND APPEARANCES**

**2. JURISDICTION**

*[Include a statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

**3. CLAIMS AND DEFENSES**

*[Summarize the claims and defenses of all parties, including the respective versions of the facts and legal theories. Do not copy the pleadings. Identify the specific relief sought. Eliminate claims and defenses which are unnecessary, unsupported, or no longer asserted.]*

**4. STIPULATIONS**

*[Set forth all stipulations concerning facts, evidence, and the applicability of statutes, regulations, rules, ordinances, etc.]*

**5. PENDING MOTIONS**

*[List any pending motion to be decided before trial, giving the filing date and the filing date of any briefs in support or opposition. Include any motions on which the court expressly has postponed ruling until trial on the merits. If there are no pending motions, please state, "None."]*

**6. WITNESSES**

    a.    List the nonexpert witnesses to be called by each party.  List separately:

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    (2)    witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

    (3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

    b.    List the expert witnesses to be called by each party.  List separately:

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    (2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

    (3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

*[With each witness' name, set forth (1) the witness' address and telephone number if not previously disclosed, (2) a short statement as to the nature and purpose of the witness' testimony, and (3) whether he or she is expected to testify in person or by deposition.]*

## 7.  EXHIBITS

*[a.    List the exhibits to be offered by each party and identify those to be stipulated into evidence.  This list should be specific enough so that other parties and the court can understand, merely by referring to the list, each separate exhibit which will be offered.  General references such as "all deposition exhibits"or"all documents produced during discovery"are unacceptable.]*

      (1)      Plaintiff(s):

      (2)      Defendant(s):

      (3)      Other parties:

*[The following paragraph shall be included in the final pretrial order.]*

b.      Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than five days after the final pretrial conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

*[Use the following language:]*

Discovery has been completed.

*[Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order.]*

## 9. SPECIAL ISSUES

*[List any unusual issues of law which the court may wish to consider before trial. If none, please state, "None."]*

## 10. SETTLEMENT

*[Include a certification by the undersigned counsel for the parties and any pro se party that:]*

a.      Counsel for the parties and any pro se party met (in person) (by telephone) on _____, 200__, to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference, included counsel, party representatives,

and any pro se party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any pro se party (do) (do not) intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any pro se party that there is *[select one]*:
    (a good possibility of settlement.)
    (some possibility of settlement.)
    (little possibility of settlement.)
    (no possibility of settlement.)

f. The date of the next settlement conference before the magistrate judge or other alternative dispute resolution method.

g. Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

*[The following paragraph shall be included in the final pretrial order:]*

Counsel and any pro se party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

*[The following paragraph shall be included in the final pretrial order:]*

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

*[State:*

*1. whether trial is to the court or a jury or both,*

*2. estimated trial time,*

*3. situs of trial, and*

*4. any other orders pertinent to the trial proceedings.]*

*[Counsel and the parties should note that the procedures for setting and conducting trial and for further conferences before trial vary according to the district judge assigned to the case. The judges all have written procedures which can be obtained from the clerk's office.]*

DATED this _____ day of _____ 200__.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| (Name) | (Name) |
| (Address) | (Address) |
| (Telephone Number) | (Telephone Number) |
| Attorney for Plaintiff (or Plaintiff, Pro Se) | Attorney for Defendant (or Defendant, Pro Se) |

*[Please affix counsels' and any pro se party's signatures before submission of the final pretrial order to the court.]*