IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-02406-RBJ-MJW

KENNETH ARMBECK

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, et al.,

    Defendants.

ORDER

    On October 9, 2010 Mr. Armbeck, then an inmate within the Colorado Department of Corrections, filed this case *pro se* in which he asserted violations of constitutional rights by the City and County of Denver, four police officers including the Chief of Police of the Denver Police Department, the Manager of Public Safety and the Mayor of Denver. He alleged that he was the victim of excessive force in an incident on October 20, 2007 and, as a result, that he sustained serious physical injuries. He also alleged that he was not given necessary and appropriate medical care.

    On August 1, 2011 defendants filed a motion for summary judgment [docket #75]. Plaintiff responded on August 26, 2011 [#80]. Defendants replied on September 26, 2011 [#84]. The case was reassigned to this Court on the same day. On September 29, 2011 the Court requested a status report [#86] and received one from the defendants only on October 13, 2011 [#87]. On October 24, 2011 Mr. Armbeck tendered a "surreply" [#88].

However, on January 17, 2012 defendants filed a statement noting a party's death in which they represented that Mr. Armbeck passed away on November 29, 2011 [#89]. The Court then issued a minute order requesting, among other things, a report on the attempts, if any, to locate or notify the estate or next of kin of Mr. Armbeck of the pending suit and whether anyone intends to intervene in the case of behalf of the plaintiff [#90].

On March 15, 2012 defendants filed a status report indicating that defense counsel had (1) spoken with Mr. Armbeck's son, Joshua Armbeck, by telephone; and discussed "the pendency of this lawsuit with him; (2) spoken with Mr. Armbeck's father, who confirmed his son's passing, and had sent a copy of the statement noting a party's death to him; (3) received a telephone call from Joshua Armbeck on March 7, 2012, who requested copies of all of the summary judgment pleadings, which pleadings were then mailed to Joshua at an address in Wichita, Kansas; Joshua indicated that he had communicated with a lawyer about this lawsuit. Defense counsel further represented that no attorney or personal representative of Mr. Armbeck's estate had contacted her, and that that she is unaware of anyone who intends to intervene in the case. Defendants ask the Court to dismiss the case for failure to prosecute pursuant to Fed. R. Civ. P. 25(a)(1).

Rule 25(a)(1)  provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed."

Accordingly, service of a statement noting death must be made on the decedent's successor (if the estate has been distributed) or personal representative (if it has not been). Such service must be made in accordance with Rule 4. *See Grandbouche v. Lovell,* 913 F. 2d 835, 837

(10th Cir. 1990). The 90-day period does not begin to run until such service has been accomplished. *Ibid.*

The Court appreciates the update provided in response to the Court's request. However, defendants have not shown that they have served the statement noting death on Mr. Armbeck's successor or representatives; or that service was effected in the manner required by Rule 4; or that 90 days have passed without the filing of a motion for substitution. Therefore, the Court does not believe that it is in a position to act on the motion for summary judgment or the motion to dismiss for failure to prosecute at this time.

DATED this 15th day of March 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge