IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-2406-RBJ-MJW

JOSHUA ARMBECK, on behalf of KENNETH ARMBECK, *deceased*,

     Intervenor Plaintiff,

v.

CITY AND COUNTY OF DENVER, et al.,

     Defendants.

---

## ORDER

---

Plaintiff Kenneth Armbeck, proceeding *pro se*, filed this action on October 6, 2009. On August 1, 2011 defendants filed a motion for summary judgment [#75] and Mr. Armbeck filed a response [#80]. However, before the Court could rule on defendants' motion, Kenneth Armbeck passed away on or about November 29, 2011. *See* [#89]. Defendants made several efforts to notify relatives of Kenneth Armbeck, and discern whether anyone sought to intervene in the case on behalf of Mr. Armbeck. [##95-96]. On May 29, 2012 this Court issued an order to show cause giving a representative of Kenneth Armbeck's estate until August 1, 2012 to file a motion for substitution [#97]. On July 24, 2012 Kenneth Armbeck's son, Joshua Armbeck, filed a Motion to Intervene [#99]. The Court granted Joshua Armbeck's motion on July 30, 2012, and gave Mr. Armbeck until August 20, 2012 to file a response to the defendant's motion for summary judgment [#102]. No response was filed. Aside from the motion to intervene Joshua Armbeck has made no attempt to take any action in this case for almost a year since Kenneth Armbeck's death.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute…." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Prior to choosing dismissal as the appropriate sanction, the Court considers several factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Joshua Armbeck has not filed a response within the time limitations set by the Court, nor has he made any attempt to prosecute the case.

Accordingly, it is ordered that the case is DISMISSED without prejudice pursuant to Rule 41(b) for plaintiff's failure to prosecute.

DATED this 27th day of August, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge