IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-2406-RBJ-MJW

JOSHUA ARMBECK, on behalf of KENNETH ARMBECK, *deceased*,

    Intervenor Plaintiff,

v.

CITY AND COUNTY OF DENVER, et al.,

    Defendants.

## ORDER

The case is before the Court on several motions filed by Joshua Armbeck. It is evident on review of the file that the Court's order of dismissal of this case issued on August 27, 2012 was entered erroneously. Some explanation is necessary.

Kenneth Armbeck, who is Joshua Armbeck's father, filed this case on October 6, 2009. He was at that time an inmate in the Colorado Department of Corrections. He alleged that the City and County of Denver, acting through the Denver Police Department and several police officers, had violated his constitutional rights by using excessive force when he was arrested on October 20, 2007. The case unfortunately moved forward slowly.

On August 1, 2011 defendants filed a motion for summary judgment [#75]. Mr. Armbeck (Kenneth) responded on August 26, 2011[#80]. Defendants replied on September 26, 2011 [#84], thus making the motion ripe for review and decision on the same day the case was reassigned to this Court. On October 24, 2011 Mr. Armbeck (Kenneth) filed a "surreply," which is not provided for by the rules absent a court order, but he likely was not aware of that.

Unfortunately, Mr. Armbeck died on November 29, 2011. The Court had not yet ruled on the pending summary judgment motion. The Court was informed of the death by the defendants on January 27, 2012 [#89], which in turn led to the issuance of minute orders and the filing of status reports concerning the efforts of the defendants to notify next of kin and the possible filing of a motion for substitution of parties pursuant to Fed. R. Civ. P. 25(a)(1). Mr. Armbeck's son Joshua was informed of the situation on January 27, 2012, one day before the Court was informed. *See* docket #91. However, personal service of the Statement Noting a Party's Death on Joshua Armbeck was not completed until May 3, 2012. *See* Updated Status Report filed May 24, 2012 [#96]. Therefore, a motion for substitution of parties was due on or before August 1, 2012.

Joshua Armbeck filed a timely motion for substitution of parties on July 30, 2012 [#100] and also filed a motion to intervene on the same date [#99]. The Court granted those motions but ordered that Mr. Armbeck file a response to the motion for summary judgment by August 20, 2012. That was a mistake, because the motion for summary judgment was already fully briefed. Mr. Armbeck did not file a response to the motion for summary judgment by August 20, 2012, and on August 27, 2012 the Court dismissed the case without prejudice for failure to prosecute. That too was a mistake. The Clerk entered final judgment on August 28, 2012, reflecting the Court's order.

On August 30, 2012 Mr. Armbeck filed two motions. Docket number 105 is a handwritten document captioned "Motion to ReConsider, Motion to Reopen Case #09-cv-2406, Motion to Add Claims, Re-Trial." Essentially this motion suggests that Kenneth Armbeck's death was caused by two instances of excessive force, and he states that evidence in the possession of his attorney (a photograph of his father in a neck brace; medical records from

1997, 2007 and 2012; and two separate complaints) supports that position. Docket number 106, also a pro se filing albeit in typed form, is entitled "Motion to Re-Open/Motion to Amend Discovery/Motion for relief (based on shown good cause)" indicates that he has been trying to find an attorney to represent him, and that the case was dismissed without prior warning. I note that although he refers in #105 to his attorney, no attorney has entered an appearance on his behalf.

On September 15, 2012 Mr. Armbeck filed a notice of appeal [#108]. It was docketed in the Tenth Circuit on September 18, 2012 [#110]. The Clerk of the Tenth Circuit issued an Order on September 27, 2012 [#111] indicating that briefing of the appeal was abated pending disposition of the motion for reconsideration. Before this Court addressed the motion for reconsideration Mr. Armbeck filed a motion for leave to proceed on appeal under 28 U.S.C. § 1915 [#113], which this Court denied [#114]; a motion to add evidence [#112], which is pending; and a motion for extension of time to pay the appellate filing fee [#115], which is pending.

Fortunately, the appellate Clerk's abatement order caused me to open my eyes, at last, and see that my own mistake had created this mess. The orders requiring a response to the summary judgment motion and then dismissing the case because Mr. Armbeck did not comply were issued erroneously.

Accordingly, the Court now grants Mr. Armbeck's motion to reconsider [#105] to the extent that it vacates its order dismissing the case. The Court will address the motion for summary judgment on its merits and issue an order in due course. However, because the motion was fully briefed, the Court will decide it on the materials then submitted, including the surreply which the Court now *sua sponte* accepts. The Court will not, however, permit Mr. (Joshua)

3

Armbeck to supplement or attempt to improve on the response and surrreply filed by his father. That would not be fair to the defendants. Therefore, motions number 106 and 112 are denied. Motion #115 is moot, because the granting of the motion to reconsider the dismissal of the case moots the appeal.

**Order**

1. Motion #105 is GRANTED.

2. Motion #106 is DENIED.

3. Motion #112 is DENIED.

4. Motion #115 is DENIED AS MOOT.

Please inform the Clerk of the Tenth Circuit as promptly as possible of this order, as it moots the pending appeal.

DATED this 23rd day of October, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge